Case 4:25-cv-00201   Document 28   Filed on 06/05/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 06, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARILYN R. PICKAREE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-0201 |
| § | |
| TEXAS HEALTH AND HUMAN § | |
| SERVICES COMMISSION, *et. al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court are Defendant Texas Health and Human Services Commission's Motion to Dismiss (Document No. 19); Defendant Texas Health and Human Services Commission's Opposed Motion to Stay Proceedings (Document No. 20); *Pro Se* Plaintiff's Motion for Extension of Time to Service Process of Service (Document No. 25); Defendant Texas Health and Human Services Commission's Motion to Strike Plaintiff's Third Amended Complaint (Document No. 26); and *Pro Se* Plaintiff's Motion for Entry of Order Denying Defendant's Motion to Strike (Document No. 27). Having considered each motion, accompanying submissions, and applicable law, the Court determines that Defendant's motion to strike Plaintiff's third amended complaint and motion to dismiss the operative complaint in this matter should be granted, and all remaining motions should be denied.

## I. BACKGROUND

This case arises out of a dispute regarding the usage of a welfare benefit. *Pro se* Plaintiff Marilyn R. Pickaree ("Pickaree"), a self-described "professional legal litigant," alleges the improper display of her Lone Star Supplemental Nutrition Assistance Program ("SNAP") EBT card information. Pickaree alleges that the improper display occurred on unspecified dates at Hillcroft Food Mart and a Chevron gas station located in Houston, Texas. Pickaree contends that the receipts she received from the aforementioned establishments improperly displayed the first six and last four digits of her SNAP EBT benefit card number. Pickaree now seeks damages, claiming the receipt disclosures exposed her to an increased risk of identity theft.[1]

Based on the foregoing, on January 10, 2025, Pickaree filed a 249-page complaint in this Court, alleging claims under the Fair and Accurate Credit

---

[1] The Court takes notice of Pickaree's significant history of repetitive litigation in Federal Court. *See Pickaree v. Kim, et. al.*, 2022 WL 2317157, (S.D. Tex. June 28, 2022); *Pickaree v. State Farm Lloyds*, No. 4:19-cv-03677, (S.D. Tex. 2019); *Pickaree v. Visa USA, Inc.*, 2019 WL 4257365, (S.D. Tex. Sept. 9, 2019); *Pickaree v. Eli Lily Pharm. Co.*, 2015 WL 1800481, (S.D. Tex. Apr. 16, 2015); *Pickaree v. Michael Astrue, Commissioner of Social Security*, No. 4:12-cv-02083, (S.D. Tex. 2012); *Pickaree v. the Federal Food and Drug Administration*, No. 4:06-cv-02057, (S.D. Tex. 2006); *Pickaree v. Texas Orthopedic Hospital, et. al.*, No. 4:06-cv-02060, (S.D. Tex. 2006); *Pickaree v. Pfizer Inc.*, No. 4:06-cv-02090 (S.D. Tex. 2006); *Pickaree v. General Counsel of Social Security, et. al.*, No. 4:05-cv-04165 (S.D. Tex. 2005). The Fifth Circuit has made clear that the Court has the authority to "sanction … a *pro se* litigant [who] has a history of submitting multiple frivolous claims." *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Transactions Act ("FACTA") against Defendant Texas Health and Human Services Commission ("Texas Health").[2] On May 5, 2025, Texas Health filed a motion to dismiss Pickaree's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On that same date, Texas Health filed a motion to stay the proceedings in this matter until the Court rules on the pending motion to dismiss. On May 9, 2025, without leave of the Court, Pickaree filed a Third Amended Complaint (Document No. 23). On May 21, 2025, Pickaree filed a motion for extension of time to serve the Third Amended Complaint on the named Defendants in this matter. On May 21, 2025, Texas Health filed a motion to strike Pickaree's Third Amended Complaint. On May 27, 2025, Pickaree filed a motion requesting the Court accept the Third Amended Complaint as filed.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces

---

[2] Pickaree's complaint also names Defendant S.G&R Inc., who has not been served in this matter. Federal Rule of Civil Procedure 4(m) requires a Plaintiff to show the Court proof of service within ninety days after the complaint is filed. The Court will consider whether to allow additional time for service in its forthcoming analysis of the pending motions before the Court.

does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendant Texas Health moves to dismiss Pickaree's claims against them, contending that Pickaree lacks standing to sue. Rather than respond to Texas Health's motion to dismiss, Pickaree filed a Third Amended Complaint (Document No. 23) out of time, failing to seek leave from the Court as is required by Federal Rule of Civil Procedure 15. Texas Health also seeks to strike Pickaree's Third

4

Amended Complaint so that the Court may consider the merits of Texas Health's motion to dismiss. Pickaree has failed to respond to any of Texas Health's motions, failing to rebut or offer evidence to counter Texas Health's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will first consider whether to allow Pickaree's Third Amended Complaint to stand in this case, before considering the remaining motions.

### A. The Third Amended Complaint

Texas Health moves to strike Pickaree's 100-page third amended complaint, contending that Pickaree: (1) failed to obtain leave of Court as required under the Federal Rules of Civil Procedure; and (2) failed to confer with Texas Health in violation of this Court's local rules. Pickaree offers no rebuttal.

"*Pro se* plaintiffs are required to know their legal rights and abide by all applicable procedural rules. A *pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve [her] of this duty." *Perez v. U.S.*, 312 F.3d 191, 194–95 (5th Cir. 2002). Under Federal Rule of Civil Procedure 15(a)(2), once a party has amended its pleading as a matter of course "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, the Southern District of Texas Local Rules require that a

5

moving party include a certification with their filing conforming that "(1) the movant has conferred with the respondent and (2) the counsel cannot agree about the disposition of the motion." Tex. Local R. 7.1(D).

Here, an independent review of the record shows that Pickaree neither obtained Texas Health's consent, nor sought leave from the Court prior to filing her Third Amended Complaint as is required under both Federal and Local rules. Pickaree offers no justification for her failure to comply with the applicable procedures for filing amended pleadings out of time. Accordingly, the Court determines that Texas Health's motion to strike Pickaree's Third Amended Complaint should be granted, and Pickaree's motion seeking a denial of Texas Health's motion to strike should be denied. Considering the Court has struck Pickaree's Third Amended Complaint, the Court will now consider Texas Health's motion to dismiss Pickaree's second amended complaint, the operative complaint in this matter.

*B. Texas Health's Motion to Dismiss*

Texas Health moves to dismiss the operative complaint in this matter, first contending that Pickaree lacks standing to sue. Pickaree offers no rebuttal. A court lacks power to decide a claim when a plaintiff lacks standing to bring the claim. Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct

complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As "the party invoking federal jurisdiction," the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561 (citation omitted). The plaintiff must meet this burden "with the manner and degree of evidence required at the successive stages of the litigation," which means that "on a motion to dismiss, [a] plaintiff[ ] must allege facts that give rise to a plausible claim of ... standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).

Here, Texas Health contends that Pickaree fails to allege a cognizable injury sufficient to establish standing. More specifically, Texas Health contends that Pickaree simply cites a violation of the Federal FACTA statute, which is insufficient to satisfy the injury requirement to prove adequate standing. An independent review of Pickaree's complaint spanning more than 200 pages shows her sole allegation containing any form of cognizable injury is Pickaree's contention that the receipts from her SNAP EBT benefit card transactions improperly displayed portions of her card number, leaving Pickaree potentially susceptible to identify theft.[3] Outside of

---

[3] *Plaintiff's Amended Original Complaint*, Document No. 5 at 18.

the hypothetical future injury of potential identity theft, Pickaree fails to demonstrate any form of particularized, concrete injury as required by the Fifth Circuit and Supreme Court. Considering the Fifth Circuit's strong guidance that the party invoking federal jurisdiction bears the burden of establishing standing with specific facts, and Pickaree's failure to state any fact that would establish Article III standing, the Court finds that Pickaree lacks standing to bring this lawsuit in Federal Court.[4] Accordingly, the Court finds that Pickaree lacks standing to bring suit against all Defendants in this case, including Defendant S.G.&R Inc. who has yet to be served, rendering Pickaree's motion requesting alternative service of process against S.G.&R Inc. moot. Based on the foregoing, the Court finds that Texas Health's motion to dismiss should be granted and the case should be dismissed against all Defendants.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Texas Health and Human Services Commission's Motion to Dismiss (Document No. 19) is **GRANTED**. The Court further

---

[4] Considering the Court's finding that Pickaree failed to prove standing based on a deficiency in the injury in-fact requirement, the Court declines to consider Texas Health's arguments related to traceability and sovereign immunity.

8

**ORDERS** that Defendant Texas Health and Human Services Commission's Opposed Motion to Stay Proceedings (Document No. 20) is **DENIED AS MOOT**. The Court further

**ORDERS** that *Pro Se* Plaintiff's Motion for Extension of Time to Service Process of Service (Document No. 25) IS DENIED AS MOOT. The Court further

**ORDERS** that Defendant Texas Health and Human Services Commission's Motion to Strike Plaintiff's Third Amended Complaint (Document No. 26) is **GRANTED**. The Court further

**ORDERS** that *Pro Se* Plaintiff's Motion for Entry of Order Denying Defendant's Motion to Strike (Document No. 27) is **DENIED**. The Court further

**ORDERS** that Plaintiff's Marilyn Pickaree's claims against Defendant Texas Health and Human Services and Defendant S.G.&R Inc. are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this $5$ day of June, 2025.

DAVID HITTNER
United States District Judge